UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER M. REED,

          Petitioner,

-vs-                                                Case No. 8:04-cv-273-T-24MAP

JAMES V. CROSBY, JR.,

          Respondent.
_____

**ORDER**

      This cause is before the Court on Petitioner Walter M. Reed (Reed's) petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Respondent's response to the petition. Petitioner did not file a reply to the Response.

      Reed challenges his convictions for burglary of a dwelling and possession of cocaine arising out of the Sixth Judicial Circuit, Pinellas County, Florida. A review of the record demonstrates that the petition must be **DENIED** as time-barred.

BACKGROUND

      On February 10, 1998, Reed was charged with two counts burglary of a dwelling and one count of possession of cocaine in circuit court case no. 98-1512CFANO. On April 8, 1999, Reed entered a plea of nolo contendere as charged, reserving the right to appeal the denial of his motion to suppress. Reed was sentenced as a habitual felony offender on <u>each burglary count</u> to a sentence of 15 years in prison to be followed by 15 years probation. The sentences ran concurrently. (Exhibit 15, R 118-121). Reed was sentenced to time served for the cocaine possession charge.

Reed appealed, raising the issue that the state trial court erred in denying his motion to suppress. On May 24, 2000, the state district court of appeal per curiam affirmed the convictions and sentences in case no. 2D99-1591. Reed v. State, 765 So. 2d 710 (Fla. 2d DCA 2000) [table].

Reed improperly sought Florida Supreme Court review of the per curiam affirmed opinion. (Case no. SC00-1545).  Reed's petition for review in case no. SC00-1545 was dismissed on August 8, 2000.   Reed v. State, 770 So. 2d 160 (Fla. 2000)[table].  See Grate v. State, 750 So.2d 625, 626 (Fla. 1999) ("[r]egardless of how a petition seeking review of a district court decision is styled, this Court does not have jurisdiction to review per curiam decisions rendered without opinion and this Court's holding in Jenkins v. State, 385 So.2d 1356 (Fla. 1980) cannot be circumvented simply by seeking relief by filing an extraordinary writ petition.").

Reed also filed a pro se petition for writ of certiorari to the United States Supreme Court. The Supreme Court denied the petition on December 11, 2000, in case no. 00-6941. Reed v. Florida, 531 U.S. 1056 (2000).

Reed filed a pro se state petition for writ of habeas corpus dated May 3, 2001, in which he alleged his appellate counsel rendered ineffective assistance. On June 5, 2001, the state district court of appeal denied the petition in case no. 2D01-2084 without elaboration, citing State v. Harvey , 573 So. 2d 111 (Fla.  2d DCA  1991). Reed v. State, 791 So. 2d 474 (Fla. 2d DCA 2001)[table]. Reed filed a pro se motion for rehearing which was denied on December 12, 2001. Reed improperly sought review in the Florida Supreme Court. (Case No. SC02-162). Reed's petition for review in case no. SC02-162 was

dismissed for lack of jurisdiction on January 25, 2002. Reed v. State, 807 So. 2d 655 (Fla. 2002) [table].

In 2001, Reed also filed a pro se unsworn Rule 3.850 motion for postconviction relief. On May 31, 2001, his improperly filed Rule 3.850 motion was dismissed, without prejudice, for lack of a proper oath. Reed filed a timely, sworn pro se Rule 3.850 motion for postconviction relief dated June 5, 2001. This Rule 3.850 motion was summarily denied on November 6, 2001. Reed had until December 6, 2001, to file a timely appeal. However, he did not do so.

On January 18, 2002, Reed filed a pro se petition seeking a belated appeal of the summary Rule 3.850 denial, asserting that prior to the time he was transferred to prison, he had entrusted his papers to a law clerk for the law clerk to prepare a motion for rehearing of the denial of his Rule 3.850 motion. However, no motion for rehearing had been filed.

Permission to file a belated appeal of the summary Rule 3.850 denial was granted February 21, 2002, in case no. 2D02-198. On May 17, 2002, the state district court of appeal per curiam affirmed the summary denial of Rule 3.850 relief in case no. 2D02-798. Reed v. State, 819 So.2d 769 (Fla. 2d DCA 2002)[table].

Reed then filed a pro se Rule 3.800(a) motion to correct illegal sentence dated January 7, 2002. The motion was summarily denied on April 19, 2002. Reed appealed, and on August 21, 2002, the state district court of appeal per curiam affirmed the summary denial in case no. 2D02-1815. Reed v. State, 827 So. 2d 996 (Fla. 2d DCA 2002)[table]. The mandate issued September 12, 2002.

Reed filed another pro se Rule 3.850 motion for postconviction relief dated January 21, 2003. On February 12, 2003, the state trial court dismissed the motion as untimely based on the time limitation of Rule 3.850 and on the state's successive petition doctrine. The state trial court also found that the claims were not cognizable in a Rule 3.850 motion. Reed appealed the dismissal. On May 9, 2003, the state district court of appeal per curiam affirmed the denial of relief in case no. 2D03-942. The mandate issued June 4, 2003.

Reed filed a pro se Rule 3.800(a) motion to correct illegal sentence dated February 22, 2003. The state trial court summarily denied the motion on April 25, 2003. Reed appealed. On October 8, 2003, the state district court of appeal affirmed, citing state decisional law in case no. 2D03-2491. Reed v. State, 865 So.2d 499 (Fla. 2d DCA 2003). Reed's motion for rehearing was denied November 14, 2003. The mandate issued December 11, 2003.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

For purposes of §2244 (d) , Reed's state judgment became final upon denial of his petition for writ of certiorari by the United States Supreme Court on December 11, 2000. See Clay v. United States, 123 S.Ct. 1072, 1075 (2003). Therefore, his one-year AEDPA limitation period commenced the next day, on December 12, 2000. As demonstrated below, Reed's present federal petition is untimely because Reed allowed more than an aggregate period of one year to elapse in which he did not have a state collateral petition pending in state court that would toll his limitation period before he filed the federal petition.

### Calculation of Time

A period of 141 days elapsed from December 12, 2000, the date the United States Supreme Court denied Reed's petition for writ of certiorari, until May 3, 2001, when Reed signed his pro se state habeas corpus petition. The same day that the state habeas petition was denied, Reed filed his June 5, 2001, sworn Rule 3.850 motion.[1]  This Rule 3.850 motion was denied December 6, 2001, and, because Reed did not file a timely appeal, he had no tolling collateral motion in state court until he filed his January 7, 2002, Rule 3.800(a) motion to correct sentence, a total of 31 days. This 3.800(a) motion had a tolling effect until September 12, 2002.

---

[1] Reed's unsworn Rule 3.850 motion was not properly filed and therefore did not qualify as a tolling motion. See Hurley v. Moore, 233 F.3d 1295 (11th Cir. 2000).  Moreover, the June 5, 2001, sworn Rule 3.850 motion was filed the same day his state habeas petition was denied by the state district court of appeal and had no *practical* tolling effect.

Reed's untimely Rule 3.850 motion dated January 21, 2003, which did not meet the Rule 3.850 time limitation of Rule 3.850, did not qualify as a tolling collateral motion. In Webster v. Moore, 199 F.3d 1256, 1258 (11th Cir.), cert. denied, 531 U.S. 991 (2000), the Eleventh Circuit held that a state petition must meet state filing deadlines in order to toll the AEDPA statute of limitation. See James v. Crosby, 2005 WL 1027252 (M.D. Fla., Apr. 11, 2005) (citing Artuz v. Bennett, 531 U.S. 4 (2000)). The Artuz Court held that an application [for collateral relief] is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. See also, Drew v. Dept. of Corrections, 297 F.3d 1278, 1284 (11th Cir. 2002)(citing and quoting Artuz v. Bennett, 531 U.S. 4 (2000)).

Because Reed's January 21, 2003, Rule 3.850 motion did not meet Florida's Rule 3.850 time limitation requirement and was deemed untimely, the motion was not "properly filed" for tolling purposes. Thus, none of the periods of time in which Reed pursued this untimely Rule 3.850 motion in the state trial court, including the time during which he pursued an appeal from its dismissal is subject to statutory tolling.

A period of 162 days elapsed which was not tolled from the September 12, 2002, mandate in Reed's 2002 Rule 3.800(a) appeal until Reed filed his February 22, 2003, Rule 3.800(a) motion, which is treated as "properly filed" for tolling purposes within the meaning of Artuz. Upon issuance of the December 11, 2003, mandate in the Rule 3.800(a) appeal, an additional period of 62 days elapsed which was not tolled before Reed signed his federal petition on February 12, 2004.

Thus, Reed allowed an aggregate period of over a year to elapse (141 days + 31[2] days + 162 days + 62 days) in which he did not have a properly filed state collateral application pending in state court that would toll the one-year limitations period, and his federal petition for writ of habeas corpus is time-barred.

Reed has not demonstrated that extraordinary circumstances warrant equitable tolling in this case, and has not demonstrated that he was diligent in seeking federal habeas corpus relief.

Accordingly, the Court orders:

That Reed's petition for writ of habeas corpus is denied, as time-barred. The Clerk is directed to enter judgment against Reed and to close this case.

ORDERED at Tampa, Florida, on August 4, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Walter M. Reed

---

[2] Pursuant to Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) the period of time during which the state trial court denied Reed's first Rule 3.850 motion (November 6, 2001) and the date Reed filed his motion for belated appeal (January 18, 2002) does not toll the running of the limitations period.